UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:12-cv-6-RJC

| TERRENCE WRIGHT-EL, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BUTCH JACKSON, Administrator of | ) | |
| Nash Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

## I. BACKGROUND

Petitioner Terrence Wright-El ("Petitioner") was convicted of murder in the second degree and burglary in the first degree on April 11, 1996 and sentenced to a term of thirty years to life in prison. (Doc. No. 1 at 1). Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus on March 21, 2012. (Id.). Petitioner raised six claims of relief:

1. North Carolina and the United States lack jurisdiction over a "Moorish-American-National;"

2. North Carolina and the United States have no right to deny the status of a "Moorish American National" by forcing U.S. Citizenship upon him;

3. The Eighth Amendment bars North Carolina from imposing life imprisonment on a "Moorish American National" over whom it has no jurisdiction;

4. The United States violated the Fifth, Fourteenth, and Fifteenth Amendments by taking jurisdiction it did not have, coining the word "Black," giving people

citizenship under the Fourteenth and Fifteenth Amendments, and depriving Petitioner of his "True Nationality and Birthrights;

5. The words "Black, Negro, Colored can find no former place within the nationalities of the human family" and yet the United States makes them citizens of a "free national and constitutional government;" and

6. "Black, Negro, Colored persons" cannot commit crimes because they are property.

(Doc. No. 1 at 5, 6, 8, 10, 11; 2 at 2).

## II. DISCUSSION

Rule 4 of the Rules governing § 2254 cases directs habeas courts to promptly examine habeas petitions. 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the Petition. Id. Following this directive, the Court has reviewed the instant Petition and determined that it must be dismissed.

This Court must consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A state court adjudication is "contrary to" clearly established federal law only if "the

state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412–13 (2000).

Far from finding support in Supreme Court precedent, this District has found that claims like Petitioner's, regarding the independence of so-called Moorish nationals, are frivolous:

> It is clear that the Petitioner, seeks relief based on his claim that he is a Moorish sovereign. His filings are but "the most recent incarnation of a notorious organization . . . that attempts to benefit from the protections of federal and state law while simultaneously proclaiming . . . independence from and total lack of responsibility under those same laws." The United States has not recognized the so-called "Moorish Nation" as a sovereign. Any claim, therefore, that the Petitioner is "not subject to the laws of North Carolina because of his alleged Moorish nationality" must be considered frivolous. Likewise, any claim raised by the Petitioner which is based on his membership in such a nation must be considered frivolous. Any claim, moreover, which relies on documents or arguments based on the doctrines of that nation must be considered frivolous. The filings made in this proceeding do not disclose what relief [the Petitioner] seek[s]. It is clear, however, that the filings made in this matter must be deemed to be frivolous. The proceeding will therefore be dismissed.

Wright v. Brooms, 2:11MC03, 2012 WL 1944917 (W.D.N.C. May 30, 2012) (Reidinger, J.) (quoting El–Bey v. North Carolina, 2012 WL 368374 (E.D.N.C. 2012); El–Bey v. City of Charlotte, 2011 WL 4757653 (W.D.N.C. 2011) (Keesler, Mag.), Report and Recommendation adopted 2011 WL 4755560 (W.D.N.C. 2011) (Conrad, C.J.), affirmed 2012 WL 432889 (4th Cir. 2012); El–Bey v. North Caroina Dept. of Health and Human Service, 2010 WL 520877 (M.D.N.C.2010), Report and Recommendation adopted 2010 WL 3283061 (M.D.N.C. 2010); El–Bey v. United States, 2009 WL 1019999, at *1 (M.D.N.C.2009); United States v. $7,000.00 in United States Currency, 583 F. Supp. 2d 725 (M.D.N.C.2008)). All of Petitioner's contentions center around his belief in the immunity, sovereignty, and independence of so-called Moorish nationals like himself. (Doc. No. 1). Petitioner's 2254 Petition must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's 2254 Petition, (Doc. No. 1), is **DISMISSED**; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 21, 2012

Robert J. Conrad, Jr.
Chief United States District Judge